```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  JESSICA STATILE,                                          :
                                                            :   MEMORANDUM DECISION AND
                                    Plaintiff,              :   ORDER
                                                            :
            - against -                                     :   21-cv-5193 (BMC)
                                                            :
  COMMISSIONER OF SOCIAL SECURITY,                          :
                                                            :
                                    Defendant.              :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

    1.    In this review proceeding for the denial of disability insurance benefits under Title II of the Social Security Act, the Commissioner concedes that the case has to be remanded because: (1) the ALJ did not adequately explain how he accounted for plaintiff's anxiety and agoraphobia with panic attacks; (2) the ALJ did not adequately explain his evaluation of the limitations assessed by plaintiff's treating psychiatrist; and (3) the records that the ALJ cited are not fully consistent with the examination findings that he described. This is not the first time a remand was necessary. A prior unfavorable decision was remanded by one of my colleagues, resulting in the decision that is the subject of the instant proceeding. The only issue before me is whether to remand the case for further administrative proceedings, as the Commissioner requests, or for the calculation of benefits, as plaintiff requests.

    2.    Both sides agree on the standard for making this decision, which is essentially whether a remand for more administrative proceedings would be futile and unnecessary. I think it would be. The Commissioner points out that there is conflicting evidence in the record, but the conflict is very minor. In fact, the only evidence creating the conflict to which the

Commissioner refers in the argument section of her brief is the testimony of the medical expert at the hearing, upon which the ALJ heavily relied. There are several problems with that evidence.

3. First, the medical expert's testimony suffered from the same limitation from which all medical experts' testimony suffers in these proceedings – it is a records-only review, with the expert having never even met or seen the claimant. That is a particular problem when dealing with a mental health impairment, as here, which can present subtly or intermittently, and the problem is even more pronounced when the interplay of severe disorders found by the ALJ – anxiety disorder, bipolar II, agoraphobia with panic attacks, and opioid disorder – is complex, and treatment difficult.

4. Second, unlike many proceedings that I have reviewed, this medical expert, apparently as an accommodation to his schedule, was not given the opportunity to even hear plaintiff's testimony at the hearing. It appears the ALJ interrupted plaintiff's testimony after she had only given a small amount of pedigree information. He then got the medical expert to testify by telephone, so the medical expert never had a chance to hear plaintiff's side of the story. A medical opinion in which the medical expert is deliberately isolated from contact with the claimant naturally dilutes its persuasive force.

5. Third, in this case, the proceeding before the ALJ pushed the principle that the administrative proceeding is not supposed to be adversarial, but rather inquisitorial, to its limit. My review of the hearing transcript indicates that it was quite adversarial. When plaintiff's attorney attempted to cross-examine the expert, the ALJ interrupted him frequently, leading the medical expert to other places in the record that the expert had not identified and appearing to suggest the conclusion that he wanted the medical expert to reach. As often happens, the medical expert's testimony before the ALJ was rather conclusory. It was therefore particularly

important to give plaintiff's lawyer a chance to probe that testimony without interruption and redirection.

6. Finally, this is what I hope is one of the last of the treating physician rule cases. Plaintiff's treating physician's opinion is not perfect but, as the Commissioner concedes, the ALJ has not adequately discussed why it should not control or dominate. Moreover, plaintiff has been seeking benefits for nearly eight years. She has been to federal court twice, successfully obtaining remands.

7. I recognize that a medical expert opinion can itself, in certain circumstances, constitute substantial evidence for an ALJ's decision, even in the face of a treating physician's opinion. But this medical expert testimony is not that opinion, and the argument section of the Commissioner's brief points me to no other evidence upon which a finding of disability could be based. I therefore grant plaintiff's motion for a remand for calculation of benefits only and deny the Commissioner's cross-motion for remand.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       October 9, 2023

3